IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CROOK

| | |
|---|---|
| WAIBEL RANCHES, LLC, an Oregon Limited Liability Company, and WAIBEL PROPERTIES, LLC, an Oregon Limited Liability Company.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | No. _____<br><br>**COMPLAINT**<br><br>**(Declaratory Relief, Specific Enforcement)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>(Statutes: ORS 21.135(1),(2)(a) and ORS 21.135(1),(2)(g)) |

Plaintiffs allege:

**General Allegations**

1.

Plaintiffs, Waibel Ranches, LLC and Waibel Properties, LLC (hereinafter collectively referred to as "Waibel") are Oregon limited liability companies each with its principal place of business in Crook County, Oregon. Waibel Properties, LLC owns certain real property in Crook County, Oregon as more particularly described in Exhibit 1 attached hereto and incorporated by referenced herein (hereinafter, "the property"). Waibel Ranches, LLC leases the property from Waibel Properties, LLC.

2.

Defendant is the United States Bureau of Land Management (hereinafter, "BLM") and manages land on behalf of the United States of America including in the pertinent portions of Crook

Page 1 - COMPLAINT
G:\Clients\EPF\Waibel Ranches, LLC\Waibel Ranches, LLC LU\Complaint.wpd

FITCH LAW GROUP, PC
210 SW 5th St., Suite 2
Redmond, OR 97756
Phone: 541.316.1588
Fax: 541.316.1943

County, Oregon.

3.

On or about the 20th of October, 1964, the BLM and plaintiffs' predecessor in interest, North Fork Livestock Company executed an Access Road Easement (hereinafter, "Agreement"), attached hereto as Exhibit 2.

4.

The metes and bounds description of the easement area contained in the Agreement includes most but not all of what is nominally called Teaters Road (hereinafter, "the road"). The description did not include an approximately three hundred and fifty (350) foot section of the road.

5.

The road on the property is jointly used by the owners, lessees and invitees of Waibel.

6.

Prior to 2015, the road was used by the general public by permission from the owners of the property to access BLM lands and the United States Forest Service (hereinafter, "USFS") lands to the north of the property. The road has not been adequately maintained by the BLM. There are other access roads to the BLM and USFS lands lying to the north of the property that do not cross the property.

7.

Upon information and belief, in 1984 the BLM became aware of the defect (gap) in the easement description when the BLM commissioned a resurvey of the relevant portions of the property in Crook County, Oregon. That survey was not shared with plaintiffs or their predecessors in interest.

8.

Plaintiffs have had their property rights violated during its ownership and/or use of the

Page 2 - COMPLAINT
G:\Clients\EPF\Waibel Ranches, LLC\Waibel Ranches, LLC LU\Complaint.wpd

FITCH LAW GROUP, PC
210 SW 5th St., Suite 2
Redmond, OR 97756
Phone: 541.316.1588
Fax: 541.316.1943

property. Specifically, over the past years, plaintiffs have experienced increasing poaching on their property, trespassing, off road vehicle damage, illegal antler hunting, campfires and littering on the property by the general public. The continuing trespasses on the property has resulted in the increased liabilities for Waibel Ranch. Plaintiffs have spent and continue to spend considerable sums to make the property more suitable for wildlife and return the area to its natural habitat as well as to protect and repair damage on the property caused by users of the road. Prior to 2015, plaintiffs requested the road be closed because of these trespasses and illegal activity on the property by the general public.

9.

In February of 2015, plaintiffs discovered a defect (gap) in the easement description (See Exhibit 3). Plaintiffs reviewed the defect in the Agreement with the BLM. The BLM concurred that the description in the Agreement was flawed. The BLM and plaintiffs then reached an agreement that the road would be closed as to public access. On April 13, 2015, the BLM issued a public announcement notifying the general public the road would be closed because the BLM's right of way did not cover the entire length of the road. In that announcement, the BLM acknowledged the misuse of the road by members of the general public. On May 1, 2015, the BLM acknowledged that "the easement [on the road] is and always has been invalid since its inception." Pursuant to and in reliance on the agreement with the BLM, the plaintiffs paid for and constructed gates at the entry points of the property. The BLM concurred with the placement of those gates. The plaintiffs and defendants BLM also agreed to place signage at both the north and south of the gates confirming to the public that the road was closed and no longer accessible to the general public.

10.

Despite the lack of legal access rights, plaintiffs have continued to allow access for BLM and USFS agency personnel as well as law enforcement, and adjacent property owners. Plaintiffs

Page 3 - COMPLAINT
G:\Clients\EPF\Waibel Ranches, LLC\Waibel Ranches, LLC LU\Complaint.wpd

FITCH LAW GROUP, PC
210 SW 5th St., Suite 2
Redmond, OR 97756
Phone: 541.316.1588
Fax: 541.316.1943

believe that there is adequate access for the general public on alternate routes into the BLM and USFS lands that might otherwise be accessed off of this portion of the road.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

11.

Plaintiffs reallege paragraphs 1 through 10.

12.

Plaintiffs asserts:

1) that the Agreement did not grant access to the general public across the entirety of the property as it is deficient in its description; and in the alternative

2) the unlawful use of the purported easement, the lack of maintenance of the road and trespasses on the property constitute an overburden and surcharge on the easement to such a degree that the plaintiffs have a right to terminate the easement; and in the alternative

3) the defendant BLM and plaintiffs agreed that the agreement was defective and that access to the general public would not be allowed. The parties agreed that the road would be closed with gates. In reliance on the statements of and agreement with the BLM, Waibel expended significant sums and incurred costs it would not otherwise have incurred to close the road to travel by the general public and other unauthorized persons.

13.

Defendant now asserts that the easement is valid for the entire length of Teaters Road on the property and that the road should be open to the general public.

14.

There is a justiciable controversy between the parties as to whether or not there is an

Page 4 - COMPLAINT
G:\Clients\EPF\Waibel Ranches, LLC\Waibel Ranches, LLC LU\Complaint.wpd

FITCH LAW GROUP, PC
210 SW 5th St., Suite 2
Redmond, OR 97756
Phone: 541.316.1588
Fax: 541.316.1943

easement across the entirety of the property.

15.

Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Specific Enforcement of an Agreement)

16.

Plaintiffs reallege paragraphs 1 through 6, 9, 14 and 15.

17.

The BLM has indicated that they will order that the gates be removed and that access to the general public be allowed on the property or the BLM will initiate a trespass action. This position constitutes a breach of the agreement between the parties that the road would be closed to the general public.

18.

Plaintiffs have fully performed their obligations under the agreement.

19.

Plaintiffs seek a judgment from this court requiring that defendant to abide by the terms of the terms of the agreement reached between the parties. That is, the road across the property will continue to be closed to the general public.

WHEREFORE, plaintiffs prays for a judgment as follows:

1) declaring that the easement agreement for the road is incomplete and is not a valid easement across the property; or in the alternative, that due to misuse of and surcharge on the easement and the egregious, continued and unlawful trespasses and abuses by members of the general public using the easement suffered by Waibel, including significant increase in cost and risk to Waibel for damage caused by and potential claims arising out of, such use and the lack of maintenance, the easement may be terminated, in whole or part, by Waibel, or in the alternative,

FITCH LAW GROUP, PC
210 SW 5th St., Suite 2
Redmond, OR 97756
Phone: 541.316.1588
Fax: 541.316.1943

2)   plaintiff's requests that the court enforce the Agreement that the road would be closed for access to the general public; and

3)   prays for a judgment for plaintiffs' costs and disbursement incurred herein.

Dated this 25 day of September, 2015.

FITCH LAW GROUP, PC

EDWARD P. FITCH, OSB 782026
SEAN M. NEARY, OSB 114709
210 SW Fifth St., Ste. 2
Redmond, OR 97756
541-316-1588
F: 541-316-1943
ed@fitchlawgroup.com
sean@fitchlawgroup.com
    Of Attorneys for Plaintiffs

Page 6 - COMPLAINT
G:\Clients\EPF\Waibel Ranches, LLC\Waibel Ranches, LLC LU\Complaint.wpd

FITCH LAW GROUP, PC
210 SW 5th St., Suite 2
Redmond, OR 97756
Phone: 541.316.1588
Fax: 541.316.1943



**Detailed GIS location and tax lot information per County on-line records as of March 3, 2009**

**T16S R20E:**

| | | |
|---|---|---|
| Sec. 24 | Tax Lot 1800 | 160.00 acres |
| Sec. 24 | Tax Lot 1601 | 18.75 acres |
| Sec. 24, 25 | Tax Lot 1700 | 875.75 acres |

**T16S R21E:**

| | | |
|---|---|---|
| Sec. 8, 16-23, 28-31 | Tax Lot 700 | 5,760.69 acres |
| Sec. 30 | Tax Lot 1001* | 317.55 acres |
| Sec. 32 | Tax Lot 1002* | 480.00 acres |
| Sec. 33 | Tax Lot 1100 | 560.00 acres |

**T17S R20E:**

| | | |
|---|---|---|
| Sec. 13 | Tax Lot 1500 | 640.00 acres |

**T17S R21E:**

| | | |
|---|---|---|
| Sec. 4 | Tax Lot 300* | 478.58 acres |
| Sec. 4, 5, 7-9, 17-20 | Tax Lot 400 | 4,098.67 acres |
| Sec. 6 | Tax Lot 501* | 411.03 acres |
| Sec. 8 | Tax Lot 600* | 457.54 acres |
| Sec. 9-12, 15, 16, 21-23 | Tax Lot 700 | 4,787.99 acres |
| Sec. 10 | Tax Lot 800* | 80.00 acres |
| Sec. 13, 24 | Tax Lot 1400 | 1277.86 acres |
| Sec. 14 | Tax Lot 1500* | 640.00 acres |
| Sec. 20 | Tax Lot 1600 | 320.00 acres |
| Sec. 25, 26, 35, 36 | Tax Lot 1800 | 480.00 acres |
| Sec. 30 | Tax Lot 1900 | 40.00 acres |

**T17S R22E:**

| | | |
|---|---|---|
| Sec. 18 | Tax Lot 1701 | 196.36 acres |
| Sec. 18 | Tax Lot 1800* | 78.66 acres |
| Sec. 19 | Tax Lot 1700 | 632.55 acres |

**Total Acreage**        22,791.68 acres

EXHIBIT 1
PAGE 1 OF 1

BOOK 91 PAGE 212

Tract No. RE-P-37

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT

ACCESS ROAD EASEMENT

KNOW ALL MEN BY THESE PRESENTS, that for and in consideration of the sum of $ 1.00, receipt of which is hereby acknowledged, NORTH FORK LIVESTOCK COMPANY, AN OREGON CORPORATION, does hereby grant, bargain, sell, and convey to the UNITED STATES OF AMERICA and its assigns, a perpetual easement and right-of-way, including but not limited to the right and privilege to locate, construct, relocate, maintain, control, and repair a roadway over and across the following described real property situated in the County of Crook, State of Oregon, to wit:

Parcel 1 - Mainline

A parcel of land lying in the Northeast Quarter of the Southwest Quarter (NE¼SW¼), the South Half of the Southwest Quarter (S½SW¼), the North Half of the Southeast Quarter (N½SE¼) of Section 25, Township 16 South, Range 21 East, Willamette Meridian, Crook County, Oregon; the said parcel being all that portion of said property contained within a strip of land of varying width, 10 to 50 feet on each side of the following-described centerline:

Beginning at engineer's mainline station 74+00.00, said point being south 66°55' west a distance of 66.31 feet from the section corner common to sections 25, 26, 35 and 36, Township 16 South, Range 21 East, W.M., thence north 78°34' east for a distance of 100.00 feet to engineer's mainline station 75+00.00; thence north 78°34' east for a distance of 1,055.94 feet; thence along the arc of a 3°00' curve to the left through a central angle of 31°07' for a distance of 1,037.22 feet; thence north 47°27' east for a distance of 870.10 feet; thence along the arc of a 6°00' curve to the right through a central angle of 54°15' for a distance of 904.17 feet; thence south 78°18' east for a distance of 269.91 feet; thence along the arc of a 7°00' curve to the left through a central angle of 38°35' for a distance of 551.19 feet; thence north 63°07' for a distance of 792.25 feet; thence along the arc of a 4°00' curve to the right through a central angle of 10°06' for a distance of 252.50 feet; thence north 73°13' east for a distance of 266.72 feet to engineer's mainline station 135+00.00, said point being south 43°54' west a distance of 404.96 feet from the quarter corner common to sections 19 and 30, Township 16 South, Range 21 East, W.M.

The widths in feet of the strip of land above referred to are as follows:

| Station to Station | Widths on Left Side of Centerline | Widths on Right Side of Centerline |
|---|---|---|
| 74+00.00   75+00.00 | 10 | 50 |
| 75+00.00   135+00.00 | 50 | 50 |

The parcel of land to which the above description applies contains 13.57 acres, more or less..

Parcel 2 - Mainline

A parcel of land lying in the South Half of the Northwest Quarter (S½NW¼) of Section 30, Township 16 South, Range 21 East, Willamette Meridian, Crook County, Oregon; the said parcel being all that portion of said property contained within a strip of land 100 feet in width, 50 feet on the left and 50 feet on the right of the following-described centerline:

Beginning at engineer's mainline station 144+00.00, said point being south 35°54' west a distance of 3,144.77 feet from the quarter corner common to sections 19 and 30, Township 16 South, Range 21 East, W.M., thence north 73°13' east for a distance of 1,532.80 feet; thence along the arc of a 16°00' curve to the left through a central angle of 33°34' for a distance of 209.79 feet; thence north 39°39' east for a distance of 355.41 feet to engineer's mainline station 165+00.00, said point being south 0°58' west a distance of 1,719.03 feet from the quarter corner common to Sections 19 and 30, Township 16 South, Range 21 East, W.M.

The parcel of land to which the above description applies contains 4.01 acres, more or less.

Page 1 of 5

EXHIBIT 2
PAGE 1 OF 5

Tract No. RE-P-37

Parcel 3 - Mainline

A parcel of land lying in the Northwest Quarter of the Northwest Quarter (NW¼NW¼) of Section 17 and the East Half of the Northeast Quarter (E½NE¼), the Southwest Quarter of the Southeast Quarter (SW¼SE¼), the East Half of the Southeast Quarter (E½SE¼) of Section 18 and the East Half of the Northeast Quarter (E½NE¼), the Northwest Quarter of the Northeast Quarter (NW¼NE¼), the Southwest Quarter of the Southeast Quarter (SW¼SE¼), the East Half of the Southeast Quarter (E½SE¼) of Section 19 and the Southwest Quarter of the Northwest Quarter (SW¼NW¼), the North Half of the Southwest Quarter (N½SW¼), the Southwest Quarter of the Southwest Quarter (SW¼SW¼) of Section 20, all in Township 16 South, Range 21 East, Willamette Meridian, Crook County, Oregon; the said parcel being all that portion of said property contained within a strip of land 100 feet in width, 50 feet on the left and 50 feet on the right of the following-described centerline:

Beginning at engineer's mainline station 184+00.00, said point being south 84°00' east a distance of 889.88 feet from the quarter corner common to Sections 19 and 30, Township 16 South, Range 21 East, W.M., thence north 0°24' east for a distance of 144.97 feet; thence along the arc of a 6°00' curve to the left through a central angle of 32°11' for a distance of 536.39 feet; thence north 31°47' west for a distance of 350.88 feet; thence along the arc of a 22°00' curve to the right through a central angle of 39°31' for a distance of 179.62 feet; thence north 7°44' east for a distance of 138.52 feet; thence along the arc of a 28°00' curve to the right through a central angle of 62°56' for a distance of 224.76 feet; thence north 70°40' east for a distance of 345.04 feet; thence along the arc of a 5°00' curve to the right through a central angle of 9°45' for a distance of 195.00 feet; thence north 80°25' east for a distance of 470.33 feet; thence along the arc of a 14°00' curve to the right through a central angle of 27°00' for a distance of 192.86 feet; thence south 72°35' east for a distance of 1,138.12 feet; thence along the arc of an 8°00' curve to the left through a central angle of 25°37' for a distance of 320.21 feet; thence north 81°48' east for a distance of 469.11 feet; thence along the arc of a 12°00' curve to the left through a central angle of 76°38' for a distance of 638.61 feet; thence north 5°10' east for a distance of 362.62 feet; thence along the arc of a 12°00' curve to the left through a central angle of 48°27' for a distance of 403.75 feet; thence north 43°17' west for a distance of 413.47 feet; thence along the arc of a 01°00' curve to the left through a central angle of 3°32' for a distance of 353.33 feet to engineer's mainline station 252+77.59, said point being south 78°23' west a distance of 729.95 feet from the quarter corner common to Sections 19 and 20, Township 16 South, Range 21 East, W.M.; thence north 46°49' west for a distance of 1,221.73 feet; thence along the arc of a 1°00' curve to the left through a central angle of 1°54' for a distance of 190.00 feet; thence north 48°43' for a distance of 1,059.16 feet; thence along the arc of a 14°00' curve to the right through a central angle of 22°22' for a distance of 159.76 feet; thence north 26°21' west for a distance of 223.92 feet; thence along the arc of a 14°00' curve to the right through a central angle of 72°42' for a distance of 519.29 feet; thence north 46°21' east for a distance of 1,151.21 feet; thence along the arc of a 22°00' curve to the left through a central angle of 88°58' for a distance of 379.85 feet; thence north 42°37' west for a distance of 870.25 feet; thence along the arc of a 22°00' curve to the right through a central angle of 83°34' for a distance of 379.85 feet; thence north 40°57' east for a distance of 377.06 feet; thence along the arc of a 10°00' curve to the right through a central angle of 8°20' for a distance of 83.33 feet; thence north 49°17' east for a distance of 88.08 feet; thence along the arc of a 20°00' curve to the left through a central angle of 27°15' for a distance of 136.25 feet; thence north 22°02' east for a distance of 112.54 feet; thence along the arc of a 5°00' curve to the left through a central angle of 6°04' for a distance of 121.33 feet; thence north 15°58' east for a distance of 427.95 feet; thence along the arc of a 5°00' curve to the right through a central angle of 5°38' for a distance of 112.67 feet; thence north 21°36' east for a distance of 118.35 feet; thence along the arc of a 14°00' curve to the left through a central angle of 23°02' for a distance of 162.52 feet; thence north 1°26' west for a distance of 150.34 feet; thence along the arc of a 10°00' curve to the right through a central angle of 31°50' for a distance of 318.33 feet; thence north 30°24' east for a distance of 1,121.39 feet;



EXHIBIT 2
PAGE 2 OF 5

BOOK 91 PAGE 214        Tract No. RE-P-37

thence along the arc of a 30°00' curve to the left through a central angle of 31°05' for a distance of 103.61 feet; thence north 00°41' west for a distance of 110.00 feet to engineer's mainline station 350+02.90, said point being north 66°28' east a distance of 177.78 feet from the Section corner common to Sections 7, 8, 17 and 18, Township 16 South, Range 21 East, W.M.

The parcel of land to which the above description applies contains 37.79 acres, more or less.

Parcel 4 - Mainline

A parcel of land lying in the North Half of the Northeast Quarter (N½NE¼) of Section 18, Township 16 South, Range 21 East, Willamette Meridian, Crook County, Oregon; the said parcel being all that portion of said property contained within a strip of land 100 feet in width, 50 feet on the left and 50 feet on the right of the following-described centerline:

Beginning at engineer's mainline station P.T. 357+78.71, said point being north 81°22' west a distance of 626.09 feet from the section corner common to Sections 7, 8, 17 and 18, Township 16 South, Range 21 East, W.M.; thence south 56°28' west a distance of 238.65 feet; thence along the arc of a 22°00' curve to the right through a central angle of 50°13' for a distance of 228.26 feet; thence north 73°19' west for a distance of 235.29 feet; thence along the arc of a 12°00' curve to the left through a central angle of 18°33' for a distance of 154.58 feet; thence south 88°08' west for a distance of 12.00 feet; thence along the arc of a 24° curve to the right through a central angle of 31°13' for a distance of 130.08 feet; thence north 60°39' west for a distance of 126.00 feet to engineer's mainline station 369+03.57, said point being north 86°03' west a distance of 1,668.64 feet from the section corner common to Sections 7, 8, 17 and 18, Township 16 South, Range 21 East, W.M.

The parcel of land to which the above description applies contains 1.51 acres, more or less.

Parcel 5 - Spur

A parcel of land lying in the Northwest Quarter of the Northeast Quarter (NW¼NE¼), the South Half of the Northeast Quarter (S½NE¼), the North Half of the Southeast Quarter (N½SE¼) of Section 18, Township 16 South, Range 21 East, Willamette Meridian, Crook County, Oregon; the said parcel being all that portion of said property contained within a strip of land of varying width, 30 to 50 feet on each side of the following-described centerline:

Beginning at engineer's spurline station 0+00.00, being approximately station 310+10.30 on the centerline of the mainline described above, which point lies north 12°42' west a distance of 4,175.57 feet from the quarter corner common to Sections 19 and 20, Township 16 South, Range 20 East, W.M.; thence north 43°29' west for a distance of 67.18 feet, thence along the arc of a 22°00' curve to the right through a central angle of 28°39' for a distance of 130.23 feet; thence north 14°50' west for a distance of 433.58 feet; thence along the arc of a 12°00' curve to the right through a central angle of 14°57' for a distance of 124.58 feet; thence north 0°07' east for a distance of 342.08 feet; thence along the arc of a 30°00' curve to the left through a central angle of 61°21' for a distance of 204.50 feet; thence north 61°14' west for a distance of 609.70 feet; thence along the arc of a 10°00' curve to the right through a central angle of 15°50' for a distance of 157.00 feet; thence north 45°32' west for a distance of 29.43 feet; thence along the arc of a 10°00' curve to the left through a central angle of 14°38' for a distance of 146.30 feet; thence north 60°10' west for a distance of 40.30 feet; thence along the arc of a 12°00' curve to the right through a central angle of 20°13' for a distance of 168.50 feet; thence north 39°57' west for a distance of 248.94 feet to engineer's spurline station P.C. 27+02.32; thence along the arc of a 56°00' curve to the right through a central angle of 72°52' for a distance of 130.12 feet to engineer's spurline station P.T. 28+32.44; thence north 32°55' east for a distance of 212.63 feet; thence along the arc of a 40°00' curve to the left through a central angle of 47°41' for a distance of 119.21 feet; thence north 14°46' west for a distance of 210.42 feet; thence along the arc of a 24°00'

Page 3 of 5

EXHIBIT 2
PAGE 3 OF 5

Tract No. RE-P-37

curve to the right through a central angle of 38°22' for a distance of 159.86 feet; thence north 23°36' east for a distance of 315.51 feet; thence along the arc of a 16°00' curve to the left through a central angle of 35°06' for a distance of 219.38 feet; thence north 11°30' west for a distance of 136.84 feet; thence along the arc of a 20°00' curve to the left through a central angle of 31°24' for a distance of 157.00 feet; thence north 42°54' west for a distance of 131.05 feet to engineer's spurline station 44+94.33, said point being north 85°47' west a distance of 2,627.12 feet from the section corner common to Sections 7, 8, 17 and 18, Township 16 South, Range 21 East, W.M.

The widths in feet of the strip of land above referred to are as follows:

| Station to Station | Widths on Left Side of Centerline | Widths on Right Side of Centerline |
|---|---|---|
| 0+00.00   27+02.32 | 50 | 50 |
| 27+02.32  28+32.44 | 30 | 50 |
| 28+32.44  44+94.33 | 50 | 50 |

The parcel of land to which the above description applies contains 9.98 acres, more or less.

The rights and privileges herein granted are for the full use as a roadway by the Grantee, its licensees and permittees, including the right of access for the people of the United States generally to lands owned, administered or controlled by the UNITED STATES OF AMERICA for all lawful and proper purposes subject to reasonable rules and regulations of the Bureau of Land Management.

TO HAVE AND TO HOLD said easement and right-of-way unto the UNITED STATES OF AMERICA and its assigns forever.

The Grantor covenants and warrants that it is lawfully seized and possessed of the land aforesaid and has the full right, power and authority to execute this conveyance, and that it will defend the title to the easement and right-of-way conveyed herein and quiet enjoyment thereof against any claims and demands of all persons whomsoever and that said land is free and clear of liens, claims, or encumbrances, including current or past due taxes.

Dated this 31st day of August, 1964.

NORTH FORK LIVESTOCK COMPANY

By *James E. Teater*
   President

Attest *A R Teater*
   Secretary

[NORTH FORK LIVESTOCK CO. CORPORATE SEAL OREGON]

Accepted subject to approval of title by the Department of Justice:

*Donald F. Robins*
District Manager
Bureau of Land Management

BOOK 91 PAGE 215

BOOK 91 PAGE 216         Tract No. RE-P-37

CORPORATE ACKNOWLEDGEMENT

STATE OF Oregon )
                ) ss:
COUNTY OF Crook )

On this 31st day of August, 1964, before me personally appeared James E. Teater and A.R. Teater to me known to be the president and secretary of the corporation that executed the foregoing instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated they authorized to executed said instrument and that the seal affixed is the corporate seal of said corporation.

My commission expires October 1, 1967

Howard R. Moore
Notary Public in and for the
State of Oregon
Residing at Bend

(SEAL)

- - - - - - - - -

INDEXED
93464

STATE OF OREGON,) ss.
COUNTY OF CROOK,)

I CERTIFY that the within instrument of writing was received for record on the 31st day of August A. D. 1964 at 4:30 o'clock P M., and recorded in Book 91 on Page 212 Records of Deeds of said County.

Hazel A. Powell
County Clerk
By Grace G. Barrone

Page 5 of 5

EXHIBIT 2
PAGE 5 OF 5





You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)