IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**WAIBEL RANCHES, LLC**, an Oregon
Limited Liability Company, **WAIBEL
PROPERTIES, LLC**, an Oregon Limited
Liability Company,

Plaintiffs,

v.

**BUREAU OF LAND MANAGEMENT,
UNITED STATES OF AMERICA**,

Defendants.

Case No. 2:15-cv-02071-HL

OPINION & ORDER

**MOSMAN, J.**,

This matter comes before me on Defendant United States' Motion for Relief Under 28 U.S.C. § 2409a(b) [ECF 132] and the corresponding Motion to Strike [ECF 138] from Plaintiffs Waibel Ranches and Waibel Properties (jointly, "Waibel"). For the reasons explained below, I GRANT the United States' motion and DENY Waibel's motion.

## BACKGROUND

In August 1964, North Fork Livestock Company granted an easement to the United States. Second Am. Compl. [ECF 140] ¶ 3; Simitz Decl. [ECF 111] Ex. C. Included in this easement was access to Teaters Road, an access route that connects State Highway 380 to federal public lands. Second Am. Compl. [ECF 140] ¶ 4; Simitz Decl. [ECF 111] ¶ 4. In October 2013, deed to the original parcel was granted to Waibel. Simitz Decl. [ECF 111] ¶ 8(b). Claiming the United States' easement was defective, Waibel closed Teaters Road to the general public in

1 – OPINION & ORDER

2015. Second Am. Compl. [ECF 140] ¶ 9. That same year, Waibel brought this action under the Quiet Title Act (QTA), claiming the United States' easement was defective. *Id.* ¶¶ 9–10, 14–19.

Up until recently, Waibel allowed the United States to use Teaters Road in order to service federal lands. *Id.* ¶ 10. But ever since December 2021, Waibel has locked the gates to Teaters Road and denied the United States access. Kovarik Decl. [ECF 133] ¶ 5.

## DISCUSSION

### I.    Motion to Strike

As a preliminary matter, I address Waibel's Motion to Strike. Mot. to Strike [ECF 138]. First, Waibel asks that the United States' motion for relief should be struck in its entirety because the United States has argued in another motion that I should dismiss this case for lack of jurisdiction. *Id.* at 2. But the possibility that its claim may be dismissed does not immunize Waibel from the demands of the QTA. Second, Waibel asks that I strike the United States' discussion of an agreement that was obtained through mediation. *Id.* at 3–4. I see no reason to do so. The United States does not reference any confidential discussions from that mediation proceeding; in fact, it says nothing about mediation that Waibel has not already submitted to this record. *See* Williams Decl. [ECF 136] ¶ 9 (acknowledging existence of the mediated agreement). Accordingly, I DENY Waibel's Motion to Strike [ECF 138].

### II.    Motion for Relief Under § 2409a(b)

The United States moves for relief under 28 U.S.C. § 2409a(b), which provides that "[t]he United States shall not be disturbed in possession or control of any real property involved in any action under [the QTA] pending a final judgment or decree, the conclusion of any appeal therefrom, and sixty days." Pointing to the plain language of the statute, the United States posits

2 – OPINION & ORDER

that its access to Teaters Road may not be disturbed until after Waibel has a judgment quieting title. Mot. for Relief [ECF 132] at 5.

Waibel responds with several arguments on the merits of its claims. Resp. to Mot. for Relief [ECF 135] at 3–5. But those arguments are irrelevant to a § 2409a(b) motion. Section 2409a(b) preserves the status quo in favor of the United States until after judgment has been entered against it. Relief under § 2409a(b), if requested, necessarily precedes merits adjudication. Waibel does not dispute that it is interfering with the United States' use of Waibel Road.

The United States has met the low burden that § 2409a(b) imposes. It has shown that this QTA action involves Teaters Road, that it has an interest in Teaters Road, and that Waibel is interfering with that use.[1] Second Am. Compl. [ECF 140] ¶¶ 16–18; Simitz Decl. [ECF 111] Ex. C; Kovarik Decl. [ECF 133] ¶¶ 4–7. As such, I GRANT the United States' Motion for Relief Under 28 U.S.C. § 2409a(b) [ECF 132].

## CONCLUSION

For the reasons stated above, I DENY Waibel's Motion to Strike [ECF 138] and GRANT the United States' Motion for Relief Under 28 U.S.C. § 2409a(b) [ECF 132]. As a result, Waibel is hereby ORDERED to allow the United States' use of Teaters Road.

IT IS SO ORDERED.

DATED this ___ day of May, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

---

[1] Included in the United States' use of Teaters Road is "the right of access for the people of the United States" and its ability to grant access to its licensees. Simitz Decl. [ECF 111] Ex. C at 4; *see also* Teater Decl. [ECF 112] ¶ 4.

3 – OPINION & ORDER